**THRASH AVIATION, INC., Plaintiff,**

v.

**KELNER TURBINE, INC., and Chris Kelner, Individually and d/b/a Kelner Turbine, Inc., Defendants.**

**No. 3:97–CV–688WS.**

United States District Court, S.D. Mississippi, Jackson Division.

July 21, 1999.

Wayne E. Ferrell, Jr., Wayne E. Ferrell, Jr., Attorney, Jackson, MS, for Thrash Aviation, Inc., plaintiff.

John W. Robinson, III, Phelps Dunbar, Jackson, MS, for Kelner Turbine, Inc., Chris Kelner, defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY, FOR IMPROPER VENUE

WINGATE, District Judge.

Before this court is defendants' motion asking this court to dismiss plaintiff's complaint for lack of personal jurisdiction or, alternatively, to dismiss the complaint for improper venue. Basing the motion upon the urgings of Rule 12(b)(2) and (3) of the Federal Rules of Civil Procedure,[1] defen-

---

1. Rule 12(b) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

 Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ...

dants argue that they are not amenable to suit in this federal forum. Although plaintiff opposes the motion, this court is persuaded to grant it.

## I. *Parties and Jurisdiction*

Plaintiff, Thrash Aviation, Inc., ("Thrash"), is a corporation organized under the laws of the State of Mississippi with its principal place of business at 676 Highway 481, Pelahatchie, Mississippi.

Defendant, Kelner Turbine, Inc., is a corporation organized under the laws of the State of Arkansas with its principal place of business at 21 Tri–State Road, Berryville, Arkansas, and is not registered to conduct business in the State of Mississippi with the Secretary of State of Mississippi.

Defendant, Chris Kelner (collectively with Kelner Turbine, Inc., "Kelner"), is an adult resident citizen of the State of Arkansas.

This court's jurisdiction over this lawsuit is predicated upon Title 28 U.S.C. § 1332, diversity of citizenship, where the amount in controversy exceeds $75,000.00, exclusive of costs and interests.

## II. *Background Facts*

Prior to February 10, 1997, Thrash, while in Mississippi, contacted Kelner in Berryville, Arkansas, concerning the possible repair of a Garrett TPE 331 aircraft engine ("old engine") owned by Thrash. Kelner agreed to inspect the engine, and J.D. Brown, an employee of Thrash, took the engine from Mississippi to Kelner's place of business in Arkansas on or about February 10, 1997.

Kelner briefly inspected the old engine and found it to be in a severely deteriorated condition. Kelner told Brown that repairing the old engine would be expensive and would take a minimum of six weeks to complete. Brown told Kelner that Thrash needed an engine immediately. Kelner then informed Brown that it had a rebuilt Garrett TPE 331 engine ("new engine") that could be purchased if Thrash so desired. Kelner offered Thrash $20,000.00 as a trade-in for the old engine if Thrash decided to purchase the new engine.

Subsequent to Kelner's discussions with Brown, Jimmy Thrash of Thrash also discussed the situation and the options available to Thrash with Kelner. Thrash informed Kelner that he wanted to get his airplane functioning and airworthy as soon as possible. Thrash then decided to purchase the new engine for $108,000.00 and to receive a trade-in value from Kelner of $20,000.00 for the old engine. Before the new engine was delivered to Thrash, Kelner gave Thrash a sentence by sentence explanation of the Limited Warranty accompanying the engine. Thrash did not question or object to the terms of the Limited Warranty.

On behalf of Thrash, Brown took the new engine to Thrash's place of business in Pelahatchie, Mississippi, and Kelner kept as a trade-in the old engine. Brown left Berryville, Arkansas, as soon as the deal was confirmed, and Kelner sent all of the paperwork accompanying the engine and incident to the transaction, including a Limited Warranty, to Thrash in the mail shortly thereafter.

Thereafter, the engine failed, and Thrash brought this suit. Plaintiff filed its complaint in the Chancery Court of Rankin County, Mississippi, on August 21, 1997. Defendants removed the action to this court on September 19, 1997.

Thereafter, the parties filed pre-trial motions. On September 25, 1997, Kelner filed its Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Proper Venue. On September 26, 1997, plaintiff filed its Motion to Remand. By an opinion and order dated January 30, 1998, this court denied plaintiff's Motion to Remand.

Following this court's ruling on the motion to remand, the parties conducted dis-

(2) lack of jurisdiction over the person, (3) improper venue. . . .

covery on and briefed the issues pertaining to whether this court has personal jurisdiction over Kelner and, notwithstanding the question of personal jurisdiction, whether this action should have been brought in Carroll County, Arkansas. In addition to providing plaintiff with the information required under this court's Uniform Civil Justice and Expense and Delay Reduction Plan, defendants responded to interrogatories propounded by plaintiff, as well as requests for production of documents. On or about August 31, 1998, plaintiff took the depositions of Kelner on the issues raised in the first motion to dismiss. Thereafter, at the direction of the court, on October 8, 1998, Kelner re-filed its Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Proper Venue.

Kelner's motion to dismiss alleges that this court lacks personal jurisdiction over defendants, and, consequently, plaintiff's complaint should be dismissed. In the alternative, Kelner argues that this case should be dismissed or transferred to the appropriate court in Carroll County, Arkansas, pursuant to the language the Limited Warranty provided to the plaintiff by Kelner.

In support of its motion to dismiss for lack of personal jurisdiction, Kelner submitted the Affidavit of Chris Kelner in which Kelner testified in part as follows:

a. Chris Kelner is a resident of Arkansas;

b. Kelner Turbine, Inc., is an Arkansas corporation;

c. Kelner is not incorporated or licensed to do business in Mississippi;

d. Kelner has never transacted business in or otherwise sold or repaired airplane engines in Mississippi;

e. Kelner has never had an office or facility in Mississippi;

f. Kelner has never possessed, owned or leased real property in Mississippi;

g. Kelner has never had any employees, sales representatives or agents in Mississippi;

h. Kelner has never had a telephone number, bank account, mailing address, officer, director or employee, or paid taxes in Mississippi;

I. Kelner has not solicited, manufactured, tested, designed, assembled, developed, marketed, promoted, processed, imported, converted, sold or installed any product in Mississippi;

j. Similarly, Kelner never created, sold or used a distribution system in Mississippi;

k. Further, with respect to the transaction at issue in this case, Kelner put forth proof that it has never conducted business in, transacted, derived revenue, or engaged in any meaningful contact with Mississippi;

l. Kelner never expected to be haled into a Mississippi court, has not committed an act or omission in Mississippi, nor has it solicited Thrash or any other company's business in Mississippi;

m. Kelner did not initiate the transaction at issue and no part of the transaction took place, or was consummated in Mississippi; and

n. The inspection, purchase and delivery of the airplane engine at issue all occurred in Arkansas.

*See* Affidavit of Chris Kelner, attached to Defendants' Motion as Exhibit "A."

Plaintiff responded to defendants' motion to dismiss and presented proof in support of its contention that defendants are subject to personal jurisdiction. This proof consisted of, *inter alia*, various excerpts from Chris Kelner's deposition, along with copies of advertisements of Kelner Turbine, Inc., and a letter from plaintiff's former attorney to Kelner informing Kelner of the alleged problems with the new engine and demanding that it be repaired. None of the Kelner deposition excerpts submitted by plaintiff contradict-

ed or disproved the testimony given in the Kelner Affidavit.

## CONCLUSIONS OF LAW

### I. *Jurisdiction Generally*

■ In order for a district court to exercise personal jurisdiction over a nonresident defendant, two requirements must first be met: 1) the nonresident defendant must be amenable to service of process under the State's long-arm statute; and 2) the assertion of in personam jurisdiction must not offend Fourteenth Amendment due process concerns. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir.1999) (*citing Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir.1992)).

■ The plaintiff bears the burden of establishing the district court's jurisdiction over a nonresident defendant who has filed a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997); *Moore Video Distribs., Inc. v. Quest Entertainment, Inc.*, 823 F.Supp. 1332, 1336 (S.D.Miss.1993). When presented with a Rule 12(b)(2) motion to dismiss, the court must take as true the uncontroverted allegations of the well-pleaded complaint, except as controverted by opposing affidavits. *Bailiff v. Manville Forest Products Corp.*, 792 F.Supp. 509, 511 (S.D.Miss.1990). Where a defendant submits an affidavit that establishes the lack of jurisdiction, the court should dismiss the complaint "as the presumption implicit in the well-pleaded allegations rule has spent its force and vanished." *R.C. Constr. Co., Inc. v. National Office Sys., Inc.*, 622 So.2d 1253, 1255 (Miss.1993).

In determining whether a non-resident defendant is amenable to suit under Mississippi's long-arm statute, it must be found to meet at least one prong—the "contract" prong, the "tort" prong or the "doing business" prong—to satisfy the statutory requirement for jurisdiction. Miss.Code Ann. § 13–3–57 (Supp.1995);[2] *Sorrells v. R & R Custom Coach Works, Inc.*, 636 So.2d 668, 671 (Miss.1994).

■ In addition, "the Due Process Clause of the Fourteenth Amendment serves as a limitation on the power of a state's long-arm statute in the exercise of *in personam* jurisdiction over a non-resident defendant." *Sorrells*, 636 So.2d at 671. (emphasis in original) (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

### II. *Long–Arm Statute*

#### A. "Contract" Prong

To establish jurisdiction under the "contract" prong of Mississippi's long-arm statute, it must be established that a nonresident entered into a contract "with a resident of this state to be performed in whole or in part by any party in this state." Miss.Code Ann. § 13–3–57 (Supp. 1995); *Sorrells*, 636 So.2d at 671.

#### B. "Tort" Prong

■ Personal jurisdiction under the "tort" prong of Mississippi's long-arm statute over a nonresident defendant "who allegedly committed a tort is proper if any of the elements of the tort—or any part of an element—takes place in Mississippi." *Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 753 (5th Cir.1996) (*citing Smith v. Temco,*

**2.** Miss.Code Ann. § 13–3–57 provides as follows: .

Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this

state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

*Inc.*, 252 So.2d 212, 216 (Miss.1971)). "Although the specific elements of a particular tort will vary, the conventional tort elements in a negligence action are duty, breach of duty, proximate causation and injury." *Jobe*, 87 F.3d at 753. "A tort is complete when, and personal jurisdiction lies where, the actual injury occurs." *Id.* Further, stated the Fifth Circuit, "[i]n determining where the injury occurred for jurisdictional purposes, actual injury must be distinguished from its resultant consequences, such as pain and suffering, economic effects or other collateral consequences that often stem from the actual injury. Recognizing that such collateral consequences may be far-reaching (particularly in a commercial tort situation such as the one before us), our precedent holds that consequences stemming from the actual tort injury do not confer personal jurisdiction at the site or sites where such consequences happen to occur." *Id.* (citations omitted).

### C. "Doing Business" Prong

 In order for a non-resident defendant to be subject to personal jurisdiction under the "doing business" prong of Mississippi's long-arm statute, that defendant's presence in Mississippi must be "of such a continuing and substantial nature that we regard him as doing business here within the meaning of Section 13-3-57." *McDaniel v. Ritter*, 556 So.2d 303, 309 (Miss.1989). Whether the defendant acted within the forum state "for the purpose of realizing a pecuniary benefit or otherwise accomplishing an object" is also important in the reviewing court's analysis. *Id.*

### III. *Due Process*

 "The general principle regarding the exercise of jurisdiction over a nonresident [defendant] is that [the defendant] 'may not be subjected to a litigation in a foreign jurisdiction' unless he has 'certain minimum contacts with it such that the maintenance of the suit does not offend the traditional notions of fair play and sub-

stantial justice.' *Id.* (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945))". In *Dickson Marine, Inc.*, the Fifth Circuit recently stated:

> Requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," *Shaffer v. Heitner*, 433 U.S. 186, 218, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (Stevens, J., concurring), the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Burger King*, 471 U.S. at 474, 105 S.Ct. at 2183, citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

*Dickson Marine Inc.*, 179 F.3d at 336.

 Personal jurisdiction over a non-resident defendant is established if the reviewing court has either "specific jurisdiction" or "general jurisdiction." In "specific jurisdiction" situations, the suit in question arises out of or is related to the defendant's contacts with the forum state. *Id.* at 336–37. In situations where "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against [a foreign defendant] on causes of action arising from dealings entirely distinct from those activities," the forum is deemed to have "general jurisdiction." *Id.*, (*citing International Shoe*, 326 U.S. at 318, 66 S.Ct. 154; *Helicopteros*, 466 U.S. at 414, n. 9, 104 S.Ct. 1868). Thus, courts apply the "continuous and systematic" standard to determine whether a defendant can be subject to general in personam jurisdiction. *Id.*; *McDaniel*, 556 So.2d at 309. "These contacts must amount to something more than occasional 'fortuitous' instances where the defendant had in the past come into some casual, isolated contact with an instate resident." *McDaniel*, 556 So.2d at 309.

### Analysis

The Kelner Affidavit, uncontradicted by plaintiff, demonstrates that Kelner has had limited contact with the State of Mississippi. The proof reflects that these contacts have been sporadic, incidental and indirectly associated with this forum and that Kelner does not and has not conducted business in Mississippi. Kelner does not maintain an office in Mississippi nor has it otherwise had any presence within the state. *See generally* Affidavit of Chris Kelner.

 Despite the fact that Kelner has on limited occasions advertised in publications that are circulated outside of the State of Arkansas, these instances do not qualify Kelner as doing business in Mississippi.

The transaction at hand was initiated by Thrash when it contacted Kelner concerning the repair of the old engine. All business was conducted in Arkansas, the sale took place in Arkansas, and no acts or omissions incident to this transaction took place in Mississippi. The alleged injuries, if any, occurred in Arkansas.

The only actions alleged by Thrash to have occurred in Mississippi are consequential damages that resulted from the transaction; however, these could only have taken place in Arkansas. The contractual agreement between the parties was finalized in Arkansas, and any breach thereof, if any, must have occurred in Arkansas because no subsequent action took place in Mississippi. Likewise, any tortious activity alleged in Thrash's complaint could only have taken place in Arkansas and not in Mississippi. Any injury suffered by Thrash, if any, took place at the time of the transaction.

Accordingly, this court concludes that:

 (1) No part of the contract between the parties was performed in whole or in part by either party in Mississippi so as to allow this court to exercise personal jurisdiction over the defendants under the "contract" prong of Mississippi's long-arm statute, § 13–3–57 of the Mississippi Code;

(2) No element of the alleged tortious conduct took place in the State of Mississippi so as to allow this court to exercise personal jurisdiction over the defendants under the "tort" prong of Mississippi's long-arm statute, § 13–3–57 of the Mississippi Code;

(3) Defendants do not have a presence in Mississippi which is so continuing and substantial in nature that this court can regard them as doing business here under the "doing business" prong of Mississippi's long-arm statute, § 13–3–57 of the Mississippi Code;

 (4) Defendants do not have sufficient minimum contacts with Mississippi such that maintaining this action here would not offend the traditional notions of fair play and substantial justice; and

 (5) Defendants do not have continuous and systematic contacts with Mississippi such that due process is satisfied; rather, defendants' contacts with Mississippi, if any, are fortuitous, not substantial and do not give rise to this court's exercise of personal jurisdiction over them.

### CONCLUSION

In summary, the court finds and concludes that defendants are not subject to personal jurisdiction under the Mississippi long-arm statute, Miss.Code Ann. § 13–3–57, and that the exercise of personal jurisdiction over them would violate the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States. Accordingly, defendants' motion to dismiss is granted.