Robert SHAW

v.

**EXCELON CORPORATION d/b/a Peco Energy Company**

No. Civ.A. 5:01CV165BN.

United States District Court, S.D. Mississippi, Western Division.

Oct. 23, 2001.

Joseph Patrick Frascogna, Frascogna Courtney, PLLC, Jackson, MS, for Robert Shaw, plaintiff.

Michael D. Simmons, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, for Exelon Corporation, dba Peco Energy Company, defendant.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of the Defendant to Dismiss for Lack of Personal Jurisdiction, or for Insufficiency of Service of Process, or to Dismiss for Improper Venue, or in the alternative, to Transfer Based on Improper Venue. Having considered the Motion, the Response, the Reply, attachments to each, and supporting and opposing authority, the Court finds that the Motion of the Defendant to Dismiss for Lack of Personal Jurisdiction is well taken and should be granted. Accordingly, the alternative motions of the Defendant are dismissed as moot.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff, Robert Shaw ("Shaw"), alleges that the Defendant, PECO Energy Company ("PECO"), wrongfully reported negative credit information about the Plaintiff to Trans Union, a consumer reporting agency. The subject of this cause of action is a contract for the provision of electric service entered into by Shaw and PECO whereby the latter was to provide electricity to the leased residence of Shaw in Bristol, Pennsylvania. The Plaintiff further alleges that PECO should not have reported the non-payment of the electricity utility bill on his credit report because his landlord was responsible for the payment of utilities under the lease. The Plaintiff also alleges that he had become a resident of Mississippi when he became aware of his negative credit report through publication of his Trans Union consumer credit report dated April 4, 2001.

On May 29, 2001, Plaintiff filed a Complaint in federal court alleging claims for negligence, intentional infliction of emotional distress, and violations of the Fair

Credit Reporting Act, codified at 15 U.S.C. § 1681 *et seq.* The Plaintiff argues that this Court has personal jurisdiction over the Defendant because the Defendant committed a tort, in part, in the State of Mississippi, i.e. the damage arising from the alleged tort occurred in this state. The Plaintiff further asserts that the Fourteenth Amendment Due Process prong of personal jurisdiction analysis is satisfied because the Defendant knew or should have known that any information given to credit reporting agencies was likely to be "published" in any state, thus subjecting itself to suit in any state including Mississippi. To the contrary, the Defendant asserts that it has no minimum contacts with Mississippi such that fairness and justice would be offended if this state were to assert personal jurisdiction over it. Presently before the Court is the Motion of the Defendant to Dismiss for Lack of Personal Jurisdiction, or for Insufficiency of Service of Process, or based on Improper Venue, or in the alternative, to Transfer based on Improper Venue.

## II. ANALYSIS

The Defendant argues that the above referenced cause of action should be dismissed because the Court does not have a basis for asserting personal jurisdiction over it. The parties agree that the Defendant is a non-resident corporation and, therefore, personal jurisdiction over the Defendant is subject to Mississippi's Long Arm Statute, codified at Miss.Code Ann. § 13–3–57.[1] Additionally, before the Court can assert personal jurisdiction over a non-resident corporate defendant, there must be a showing that the Due Process requirements of the Fourteenth Amendment are satisfied. *Sorrells v. R & R Custom Coach Works, Inc.,* 636 So.2d 668, 671 (Miss.1994). Whether due process is satisfied must depend upon the quality and nature of the activities of the defendant in the forum state in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. *International Shoe v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Accordingly, the Court will now apply the two-part test.

## A. MISSISSIPPI'S LONG ARM STATUTE

■ Mississippi's Long Arm Statute outlines three prongs under which personal jurisdiction may be asserted over non-resident defendants; the tort prong, the contract prong, and the "doing business" prong. *See* Miss.Code Ann. § 13–3–57. The Plaintiff argues that the tort prong of the statute is applicable here. In order for a defendant to be subjected to personal jurisdiction in Mississippi under the tort prong, the Defendant must have committed a tort, in whole or in part, in this state against a resident or non-resident of this state. *See* Miss.Code Ann. § 13–3–57. The Plaintiff cites the holding of the Supreme Court of Mississippi that: "[S]ince the injury is necessary to complete a tort, a tort is considered to have been committed in part in Mississippi where the injury results in the state." *Sorrells,* 636 So.2d

---

1. The Mississippi Long Arm statute provides: "Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state." Miss.Code Ann. § 13–3–57

at 671. The Plaintiff argues that because he was residing in Mississippi when he discovered the allegedly erroneous credit report, that the injuries he suffered occurred in this state and therefore, the alleged tort was committed in part in Mississippi. The Defendant denies it committed a tort in any regard, but especially not in Mississippi, given that it reported the information to Trans Union in Pennsylvania. The Court finds that the Plaintiff has satisfied the tort prong of the Mississippi Long Arm Statute.

## B. DUE PROCESS UNDER THE FOURTEENTH AMENDMENT

■ The Court now turns to the due process requirement under federal law. The assertion of personal jurisdiction in Mississippi over a non-resident defendant must comport with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Well-established case law outlines that a non-resident defendant must have certain minimum contacts by which it has purposefully availed itself of the benefits and protections of the forum state so that hailing the defendant into court in the forum state does not offend "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316, 66 S.Ct. 154 (1945); *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 287, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Furthermore, the United States Supreme Court added that it would be foreseeable for a defendant corporation to be called into court in a state where its product was directed at that state (i.e. through advertisements, etc.). *World–Wide Volkswagen*, 444 U.S. at 287, 100 S.Ct. 580.

■ In the case *sub judice*, the Plaintiff argues that when the Defendant gave the credit information to Trans Union it should have known that the information could be "published" in any state. The Plaintiff argues that this establishes sufficient minimum contacts. But the Plaintiff appears to be taking the "foreseeability" element of *World–Wide Volkswagen* a step further than the Supreme Court intended. The Pennsylvania corporate Defendant in this case is not directing its product, electric utility service, to the citizens of Mississippi, through advertisements, solicitations or the like. The Court additionally finds that it was not unreasonable for the Defendant to report non-payment of services to the credit agency, particularly in a case in which the Plaintiff and the Defendant had entered into a contract by which the Plaintiff agreed to pay for the services provided, or at least arranged for the payment of the services by his landlord, then failed to perform. Under these circumstances the Court finds that it would be beyond the realm of fair play and substantial justice to hold that a defendant avails itself to personal jurisdiction in every state each time it reports information in the state in which it is doing business to a consumer credit reporting agency merely because the possibility exists that the information may have an effect outside the state in which it was reported.

The Court recognizes that the case at hand is distinguishable from cases in which the defendant is the credit reporting agency itself, or a similar entity. In such cases, personal jurisdiction has been held proper because the agency reporting information concerning consumers has reason to know that any false information could be received and have effects on a nationwide scale. For example, the United States District Court for the District of Puerto Rico held that when the defendant, Bank One, failed to correct false credit information about the plaintiff, personal jurisdiction over the defendant was proper because even though Bank One was notified by plaintiff of the false information,

thereafter it voluntarily and purposefully generated contacts within the forum in an effort to collect the outstanding debt. *Rivera v. Bank One,* 145 F.R.D. 614, 624 (D.P.R.1993). In the instant case, however, the Defendant is a Pennsylvania electric company, not the credit reporting agency from which the Plaintiff learned of his negative credit report. The Defendant, here, only gave information to Trans Union, and further, had no contacts with the Plaintiff, or anyone else, in Mississippi.

Additionally, in an Alabama case, the court recognized that:

> [W]hen the origin of a deliberate, non-fortuitous tort is in one state ... and the intended injury to a recognized victim is in another state, the tortfeasor has affirmatively established minimum contacts with the state in which the injury occurred, *if the tortfeasor knew* at the time it committed the alleged tort that the victim would be injured in that state.

*Coblentz GMC/Freightliner v. General Motors Corp.,* 724 F.Supp. 1364, 1369 (M.D.Ala.1989) (emphasis added). If, however, the defendant lacks such knowledge, courts have found no basis for asserting personal jurisdiction. *Davila–Fermin v. Southeast Bank, N.A.,* 738 F.Supp. 45, 49 (D.P.R.1990) (holding: "[T]here is no evidence that defendant knew, at the time of the commission of its alleged tortious acts in Florida, that plaintiffs were already residents of Puerto Rico, or that the 'brunt of their injury' was going to be felt by them at the Island."). In the case *sub judice,* there is no showing that the Defendant knew that the Plaintiff was residing in Mississippi or that its conduct would have an affect on him in Mississippi.

The Plaintiff cites a United States Supreme Court case and a case from the United States Court of Appeals for the Fifth Circuit, for the proposition that the publication by transmission of information in Mississippi satisfies the Due Process requirement in other states. The Court finds that both cases cited by the Plaintiff are distinguishable from the case at hand. First, the Supreme Court found that where the defendants, a writer for the *National Enquirer,* wrote and edited an allegedly libelous story in Florida concerning the California activities of a California resident and the sources were from California, that asserting personal jurisdiction in California was proper. *Calder v. Jones,* 465 U.S. 783, 788–89, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). The Supreme Court reasoned that the "actions were expressly aimed at California." *Id.* at 789, 104 S.Ct. 1482. Similarly, the Fifth Circuit held that because a defamatory telephone call was made by a non-resident defendant to the United States Attorney in Mississippi, there was a showing of "purposeful availment" which made the possibility of being hailed into court in the State of Mississippi reasonably foreseeable. *Brown v. Flowers,* 688 F.2d 328, 334 (5th Cir.1982). The case *sub judice* exhibits no similarities to the above cited cases as the Defendant here did not direct the alleged conduct to Mississippi. The fact that the Plaintiff was in Mississippi when the alleged injury occurred was merely fortuitous. "The 'purposeful availment' requirement guards against the possibility that a defendant will be haled into a forum solely as a result of 'random, isolated, or fortuitous' contacts." *First American First v. Nat'l Ass'n of Bank Women,* 802 F.2d 1511 (4th Cir.1986) (citing, *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984)).

■ The Plaintiff also asserts that it is not fair and would be inconvenient to require the Plaintiff to travel to Pennsylvania to pursue his claims. Plaintiff's arguments lack merit. Inconvenience to the Plaintiff cannot be substituted for the well-established requirement that the Court

must have personal jurisdiction over the Defendant before the Defendant may be hailed into Court.

Therefore, the Court finds that the Defendant has had no minimum contacts with Mississippi, nor has it purposefully availed itself of the benefits and privileges of this state. Accordingly, the Court finds that this cause should be dismissed for lack of personal jurisdiction over the Defendant. Having found that the Court lacks personal jurisdiction over the Defendant, and that the Motion to Dismiss on this ground should be granted, the Court will not consider the other issues raised by the Defendant and they are denied as moot.

### III. CONCLUSION

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of the Defendant to Dismiss for Lack of Personal Jurisdiction [2–1], is hereby granted, and this case will be dismissed without prejudice. A separate judgment of dismissal will be entered this day as required by Federal Rule of Civil Procedure 58.

IT IS FURTHER ORDERED that the Motions of the Defendant to Dismiss for Insufficiency of Service of Process, or based on Improper Venue, or in the alternative, to Transfer based on Improper Venue [2–2], are hereby dismissed as moot.

IT IS FURTHER ORDERED that the Motion of the Plaintiff requesting sanctions against the Defendant is hereby denied.[2]

---

**2.** Included in Plaintiff's Response to the Motion of the Defendant to Dismiss, was Plaintiff's Request for Sanctions against the Defendant. The Court finds that there are no grounds for sanctions in this case.