**HICKLIN ENGINEERING, INC., Appellant,**

v.

**AIDCO, INC., John Wyatt, Tracy Church & David Foor, Appellees.**

No. 91–2741.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1992.

Decided March 25, 1992.

---

Stephen R. Eckley and J. Barton Goplerud, Des Moines, Iowa, for appellant.

Roger T. Stetson and Robert D. Sharp, Des Moines, Iowa, for appellees.

Before FAGG and BEAM, Circuit Judges, BATTEY,* District Judge.

Dakota, sitting by designation.

PER CURIAM.

Hicklin Engineering sued Aidco, Wyatt, Church, and Foor alleging intentional interference with prospective business advantage, interference with contractual relations, and libel. The district court dismissed the complaint for lack of personal jurisdiction over the defendants. Hicklin appeals, and we affirm.

Hicklin is a Minnesota corporation engaged in the manufacture and worldwide sale of transmission testing stands. Hicklin's principal and only place of business is Des Moines, Iowa. Aidco is a Michigan corporation having its principal place of business in Adrian, Michigan. Aidco is also involved in the manufacture and worldwide sale of transmission test stands. Wyatt is a citizen of Ohio, and Church and Foor are citizens of Michigan. Each of the individual appellees is a current or former officer or employee of Aidco.

Aidco is not licensed to do business in Iowa and does not maintain any offices, employees, or agents there. Furthermore, Aidco does not own property, have a bank account or have a telephone listing within the state. Aidco's last sale in Iowa occurred in 1989 and its penultimate sale within the state occurred in 1985. Neither Wyatt, Church, nor Foor have ever been in Iowa or own property there. Because personal jurisdiction in Iowa reaches to the fullest extent permitted by the Constitution, *Newton Mfg. Co. v. Biogenetics, Ltd.,* 461 N.W.2d 472, 474 (1990), we need only examine whether minimum contacts sufficient to satisfy the Fourteenth Amendment exist.

Hicklin contends that this case is governed by *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). In *Calder,* Shirley Jones sued Calder and others in California for libel stemming from an article appearing in the tabloid National Enquirer. Calder, president and editor of the Enquirer, was a Florida resident and had only been to California twice, both times on unrelated matters. The *Calder* Court, approving of the effects test used by the lower court, held that personal jurisdiction in California existed even though the article had been written and edited in Florida and Calder's visits to California were unrelated to the suit. However, it was more than mere effects that supported the Court's holding. The Court found that Calder intentionally aimed his tortious action at California and could, therefore, have "reasonably anticipate[d] being haled into court there." *Id.* at 790, 104 S.Ct. at 1487 (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Additionally, the Enquirer had a substantial percentage of its national circulation in California.

*Calder* is inapposite to the present case. Assuming Hicklin's allegations to be true, Aidco sent correspondence containing defamatory statements to several of Hicklin's customers and interfered with its business. None of the correspondence, however, was published in Iowa. Nor can we say that Aidco's actions were targeted to have an effect in Iowa. *See Calder,* 465 U.S. at 789, 104 S.Ct. at 1487. When a business seeks to promote its products and solicit the customers of its competitors, it necessarily wishes to have customers believe that its products are superior and to place its competitor's products in a less favorable light. Although this promotion and solicitation may have an effect on a competitor, absent additional contacts, this effect alone will not be sufficient to bestow personal jurisdiction. We do not mean to imply that we approve or disapprove of Aidco's actions, only to point out that the holding of *Calder* cannot be read as broadly as Hicklin wishes. *See also Keystone Publishers Serv., Inc. v. Ross,* 747 F.2d 1233, 1234 (8th Cir.1984) (holding that interference with contractual relations occurring outside of Iowa and causing injury in Iowa is not sufficient to assert personal jurisdiction in Iowa).

For the reasons stated above we affirm the decision of the district court.