**REPUBLIC CREDIT CORPORATION I, Plaintiff,**

**v.**

**John S. RANCE, Defendant.**

**No. 4-01-CV-90032.**

United States District Court,
S.D. Iowa,
Central Division.

Sept. 20, 2001.

Thomas H. Burke, August B. Landis, Des Moines, Iowa, for Plaintiff.

George A. Goebel, Davenport, Iowa, for Defendant.

## MEMORANDUM OPINION AND ORDER

PRATT, District Judge.

Plaintiff Republic Credit Corporation ("Republic") brought this action in diversity against Defendant John Rance for payment on a promissory note. Mr. Rance moves to dismiss due to defective service pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, or in the alternative to quash service. In addition, Mr. Rance moves to transfer for improper venue or to transfer for convenience pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, the Court orders a hearing on the issue of whether this case should be transferred for the convenience of the parties and in the interests of justice. The Court denies the motions on all other grounds.

### I. Facts

This action arises out of the failure of the Hartford–Carlisle Savings Bank (the "Bank"). Before the Bank's failure, Mr. Rance, a licensed California attorney since 1981, signed three promissory notes totaling $850,000. The notes all contained a choice of law and jurisdictional consent clause stating the following:

> This note has been delivered to Lender and accepted by Lender in State of Iowa. If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Warren County, the State of Iowa. This note shall be governed by and construed in accordance with the laws of the State of Iowa.

Once the Bank went into receivership, the Federal Deposit Insurance Corporation sold the notes signed by Mr. Rance to Republic. Republic subsequently attempted to serve Mr. Rance with this lawsuit. A return of service was filed by Republic's

process server stating that "after being informed of service, Mr. Rance went into Residence without talking, left set [of papers] on the front door." In his affidavit, Mr. Rance acknowledges seeing the process server and noticing a stack of papers stuffed under the front gate to his house. Mr. Rance also acknowledges that those papers contained a summons and the First Amended Complaint in this case. Mr. Rance does not state whether or not the process server spoke to him. Mr. Rance also acknowledges in his affidavit visiting Iowa three or four times, but only volunteers the purpose of one of those visits.

## II. Discussion

This Court must resolve whether service conformed with the Federal Rules of Civil Procedure, and whether Republic can properly serve Mr. Rance as someone subject to the personal jurisdiction of this Court. The Court must also determine whether venue is proper and whether justice is served by allowing venue in this district.

## A. Service

Under Rule 4(e)(2) of the Federal Rules of Civil Procedure, a plaintiff may effect service by "delivering a copy of the summons and of the complaint to the individual personally ..." FED. R. CIV. P. 4(e)(2). The Eighth Circuit has held that a signed return of service constitutes prime facie evidence of valid service, "which can be overcome only by strong and convincing evidence." *Hicklin v. Edwards,* 226 F.2d 410, 414 (8th Cir.1955). "Some courts have held that a defendant's counter affidavit concerning service, standing alone, is insufficient to rebut the prima facie effect of the process server's certified return of service." *Greater St. Louis Constr. Lab. Welfare Fund v. Little,* 182 F.R.D. 592 (E.D.Mo.1998) (citing *In re Cappuccilli,* 193 B.R. 483 (Bankr.N.D.Ill.1996) and

holding the defendant's affidavit in that case insufficient.)

 In this case, it is not clear Mr. Rance's affidavit even directly countered the Return of Service filed by Republic's process server, never contradicting the process server's claim that he informed Mr. Rance of the nature of the papers that were left at his front gate. This assertion, that Mr. Rance was personally informed of the service and his receipt of the summons and complaint were personally assured by the process server, is sufficient to hold that service was adequate pursuant to Rule 4(e)(2). Mr. Rance seeks to turn personal service into a game of "hot potato," but the Court is not obligated to play under the law or based on what Mr. Rance says in his affidavit. "When a person refuses to accept service, service may be effected by leaving the papers at a location, such as on a table or on the floor, near that person." *Novak v. World Bank,* 703 F.2d 1305 (D.C.Cir.1983). "[T]he process server merely has to 'tender' the summons to the appropriate individual. Tendering the summons includes, not only hand delivery directly to the defendant, but also hand delivery of the summons near the defendant, for example, on a table or on the floor." *Heritage House Frame & Moulding Co. v. Boyce Highlands Furniture Co.,* 88 F.R.D. 172, 174 (E.D.N.Y. 1980) (interpreting "delivery" in the context of service of process). This Court has no interest in forcing process servers to chase down defendants and jam court papers into their hands in order to effect personal service, as depicted on television.

Even setting aside Mr. Rance's possibly strategic omission on this issue, his affidavit alone is not an adequate basis for this Court to hold that personal service did not comply with Rule 4(e)(2). *See Greater St. Louis Contr. Lab. Welfare Fund.* Mr. Rance's affidavit is not sufficient evidence

that the summons and complaint were not delivered to Mr. Rance and that his receipt of those papers was not adequately assured by the process server. It is clear that Mr. Rance's rights to adequate notice and procedural due process were protected, both in practical terms and pursuant to the Federal Rules of Civil Procedure.

## B. In Personam Jurisdiction

Mr. Rance also challenges Republic's service by claiming that this Court does not have personal jurisdiction over him, rendering service ineffective pursuant to Rule 4(k)(1)(A), which only allows plaintiffs to serve someone "who could be subjected to the jurisdiction in the state in which the district court is located . . ." FED R. CIV. P. 4(k)(1)(A).

 The Plaintiff bears the ultimate burden of proving personal jurisdiction over the Defendant. *Watlow Elec. Mfg. v. Patch Rubber Co.*, 838 F.2d 999, 1000 (8th Cir.1988). Jurisdiction, however, need not be proved by a preponderance of the evidence until trial or until an evidentiary hearing is held. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir.1991). "To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction." *Id.* (emphasis added).

 The court ordinarily analyzes personal jurisdiction on two levels, first examining the propriety of jurisdiction under the state's long-arm statute. *Austad Co. v. Pennie & Edmonds*, 823 F.2d 223, 225 (8th Cir.1987). If the activities of the non-resident defendant pass the first level analysis, then the court considers whether the exercise of personal jurisdiction complies with the requirements of constitutional due process. *Dakota Indus.*, at 1388. However, because personal jurisdiction in Iowa is coterminous with the constitutional reach of due process, the two level inquiry

collapses into one. *Hicklin Eng'g Inc., v. Aidco, Inc.*, 959 F.2d 738, 739 (8th Cir. 1992)(per curiam).

 Due process mandates that jurisdiction be exercised only if defendant has sufficient "minimum contacts" with the forum state, such that summoning the defendant to the forum state would not offend " 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). To maintain personal jurisdiction, defendant's contacts with the forum state must be more than "random," "fortuitous," or "attenuated." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

 Sufficient contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559 (1980). Jurisdiction is proper, therefore, where the contacts proximately result from actions by the defendant that create a "substantial connection" with the forum State. *Id.*

 In this case, the analysis begins, but cannot end, with Mr. Rance's signature of three promissory notes which all have choice-of-law and jurisdictional consent clauses that point to the State of Iowa. "While a choice of law provision in itself is insufficient to create personal jurisdiction, it remains a relevant consideration in determining whether a defendant has purposefully availed itself in the forum state." *Northwest Airlines, Inc. v. Astraea Aviation Services, Inc.*, 111 F.3d 1386, 1390 (8th Cir.1997) (citing *Wessels, Arnold & Henderson v. National Med. Waste, Inc.*, 65 F.3d 1427, 1434 (8th Cir.

1995)). Furthermore, Mr. Rance consented to the jurisdiction of the courts of Warren County, Iowa, not any other courts in Iowa, including this one. Hence, even his jurisdictional consent is not dispositive.

Mr. Rance claims that these provisions should not bind him because they were boilerplate language that was "hidden" from him. Courts have certainly endeavored to protect poorly educated or illiterate parties from certain boilerplate language on the grounds that it is "not of a type that would reasonably appear to the recipient to contain the terms of a proposed contract." E. ALLAN FARNSWORTH, CONTRACTS, § 4.26, at 314 (2nd ed.1990). Courts have also disregarded such language where it is included in the writing in such a way that an uninitiated reader would not reasonably understand it to be part of the offer. *Id.* at 315.

At the time he signed the promissory notes, Mr. Rance was a licensed attorney in California for 17 years. Furthermore, each note was only one page long. The language was bolded as part of a clearly marked section termed "LENDER'S RIGHTS." It is true that even lawyers do not always read all of the boilerplate language in agreements that they sign in the course of their own personal business; however, a lawyer should be expected to read a one page contract that governs a loan to him of $850,000. The Court can only conclude that in asserting this argument, Mr. Rance takes very little pride in his skills as an attorney.

Mr. Rance also alleges that the entire agreement was obtained through fraud, therefore, the choice-of-law and jurisdictional consent provisions do not apply. In *Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974), the Supreme Court rejected the idea that "any time a dispute arising out of a transaction is based upon an allegation of fraud … the [forum-selection] clause is unenforcea-

ble." *Id. at* 519 n. 14, 94 S.Ct. 2449. Rather, the Court states, "it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion." *Id.* At least one district court has seen fit to distinguish from this rule. In *Hoffman v. Minuteman Press International, Inc.,* 747 F.Supp. 552 (W.D.Mo.1990), the Court distinguished its decision to reject a forum selection clause based on fraud in inducement from the decision in *Scherk* by noting that *Scherk* was enforcing the Arbitration Act and involved an international transaction.

It is this Court's view that deviation from the rule enunciated in *Scherk* is a mistake. In *Terra International, Inc. v. Mississippi Chemical Corp.,* 922 F.Supp. 1334, 1380 (N.D.Iowa 1996), the Court argued that "courts will not tolerate 'artful pleading' of non-contract claims to avoid a forum selection clause." *Id.* While that case did not address a fraud in inducement defense, the principle is still applicable. Courts should not allow a defendant, or for that matter a plaintiff, to plead their way out of a forum-selection clause to which they agreed by merely asserting, without offering any evidence, fraud in inducement. Otherwise, any party could vitiate a forum-selection clause by simply pleading fraud in inducement, forcing the other party to litigate in another forum contrary to the agreement, and never offering further evidence of the alleged fraud.

While the choice-of-law and jurisdictional consent clauses are not dispositive in this case to prove minimum contacts, they serve as strong evidence that Mr. Rance purposely availed himself of the laws of Iowa. In addition to consenting to the jurisdiction of Iowa courts, Mr. Rance contracted to borrow money from an Iowa bank, signing promissory notes that state in bold type that "[t]his note has been

delivered to the Lender and received by the Lender in the State of Iowa." This serves as an admission that the main event giving rise in this lawsuit took place in Iowa. With this admission, the Court is not hindered by Mr. Rance's deliberate failure to explain his three or four visits to Iowa in the year before the loans took place. Thus, the Court finds that Iowa has sufficient contacts with Mr. Rance to extend personal jurisdiction over him without subverting his right to procedural due process.

### C. Venue

■ Based on the contract language placing the transaction in Iowa, the Court also holds that a substantial part of the events giving rise to this claim occurred in this judicial district, therefore venue is proper pursuant to 28 U.S.C. § 1391(a)(2). Nonetheless, pursuant to 28 U.S.C. § 1404(a), this Court may transfer this action to another district "[f]or the convenience of parties and witnesses, in the interest of justice." While both parties have asserted that they will require the testimony of witnesses in their respective preferred venues, this Court does not have sufficient information to make that determination at this time.

### III. Order

The Defendant's motion to dismiss or quash service based on defective service of process is denied. The Defendant's motion to transfer venue based on improper venue is also denied. The Court will hear the Defendant's motion to transfer venue based on *forum non conveniens* on October 9, 2001, at 1:30 P.M. at the United States Courthouse in Des Moines, Iowa.

IT IS SO ORDERED.