**Ronald JONES, Plaintiff,**

v.

**TREAD RUBBER CORPORATION and Vipal Rubber Corporation, Defendants.**

**No. CIV.A. 301CV031WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

March 4, 2002.

G. Todd Burwell, William L. Latham, Latham & Burwell, PLLC, Jackson, for Ronald Jones, plaintiffs.

W. Scott Welch, III, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, David C. Goodwin, Dana Clayton, Akerman Senterfitt, Miami, for Tread Rubber Corporation, Vipal Rubber Corporation, defendants.

### MEMORANDUM OPINION
### AND ORDER

WINGATE, District Judge.

Plaintiff, Ronald Jones, a Mississippi resident, filed the instant action against the defendants, Tread Rubber Corporation ("Tread Rubber") and Vipal Rubber Corporation ("Vipal"), both Florida Corporations, alleging claims for breach of express and implied warranties and misrepresentation. As a part of each of his claims, the plaintiff also seeks damages for emotional distress.

Defendants Vipal and Tread Rubber have filed separate motions to dismiss. Vipal's motion, filed pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure,[1] argues that the plaintiff's complaint should be dismissed for lack of personal jurisdiction, improper venue/*forum non coveniens*, insufficiency of process, and failure to state a claim upon which relief can be granted. Tread Rubber's motion, filed pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure as well as Title 9 U.S.C. §§ 3, 4,[2] urges similar arguments, lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. Tread Rubber additionally argues that the plaintiff is obligated to

---

1. Rule 12(b) of the Federal Rules of Civil Procedure provides in pertinent part:

   **(b) How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, ... (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted ....

2. Title 9 U.S.C. § 3 provides:

   If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

   Title 9 U.S.C. § 4 further provides in pertinent part:

   A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

arbitrate his claims as dictated by an alleged agreement to arbitrate.[3] Also before the court is the plaintiff's motion to strike the defendants' supplemental affidavits. For the reasons stated herein, the court hereby (1) grants in part and denies in part Vipal's motion to quash service of process or to dismiss complaint ( [7–1] and [7–2] ); (2) grants in part and denies in part Tread Rubber's motion to dismiss or, alternatively, to compel arbitration ( [8–1] and [8–2] ); and (3) grants plaintiff's motion to strike [31–1].

## FACTUAL BACKGROUND

The plaintiff, a Mississippi resident, owns Jones Truck Retreading (hereinafter collectively referred to "Jones"), which is also located in Mississippi. Jones is in the business of retreading tires for commercial vehicles such as buses and trucks.

In or around January of 2000, the plaintiff entered into negotiations with defendant Tread Rubber for the purchase of some rubber, which was manufactured by defendant Vipal.[4] While both parties acknowledge the negotiations and the consummation of a purchase agreement, the parties dispute the contents of that agreement and the place of its making. The plaintiff contends that Tread Rubber came to Mississippi to solicit his business and, while in Mississippi, inspected the plaintiff's facility. The plaintiff claims that during these negotiations, Tread Rubber's

representative, Clayton Murphy, made several material misrepresentations regarding the quality of Vipal rubber, alleged misrepresentations which induced him to switch from his then rubber supplier to Tread Rubber. The plaintiff claims that Murphy assured him that the rubber that he was purchasing would be the same quality as the rubber he had previously used, and that the change in the type of rubber would not require any change in plaintiff's retreading process. All of these alleged misrepresentations, the plaintiff contends, were made in the State of Mississippi.

Tread Rubber has a different version of the events, first contending that the contract was consummated in Florida. Tread Rubber next counters that none of its representatives traveled to Mississippi to negotiate with plaintiff; instead, Tread Rubber says, the plaintiff traveled to Florida to consummate the agreement. Tread Rubber further contends that the contract was accompanied by a "Standard Terms and Conditions" provision which requires the plaintiff to arbitrate any disputes arising out of the contract. According to Tread Rubber, the arbitration provision provides in pertinent part:

These Terms and Conditions, the quotation, a modification thereof and all other documents attached hereto or referenced herein are made in contemplation

---

**3.** While the defendant bases its motion in part on this court's lack of subject matter jurisdiction under Rule 12(b)(1), the defendant has failed to make an argument in support of this position. The parties in the instant action are diverse and the plaintiff has alleged damages in excess of this court's requirement for diversity jurisdiction under Title 28 U.S.C. § 1332. This court therefore has diversity subject matter jurisdiction over this matter. To the extent that Tread Rubber argues that this court lacks subject matter jurisdiction because this dispute is subject to an arbitration provision, a point not advanced by Tread Rubber, the

court, as discussed below, denies Tread Rubber's motion to dismiss for lack of subject matter jurisdiction because the court finds that there is no valid agreement under which this court can compel arbitration.

**4.** The plaintiff also contends that he was approached by a Vipal sales manager in 1995 at a trade show in Texas where the sales manager, Denis Lupovici, purportedly solicited the plaintiff's business. Plaintiff told Lupovici to send him some information on Vipal products, which Lupovici sent to the plaintiff in Mississippi.

of and shall be governed and enforced by the laws of the State of Florida and of the United States of America without giving effect to principles and rules regarding choice of law and in the event of a dispute shall be submitted to arbitration in Orlando, Florida, United States of America, and in accordance with the Commercial Rules of Arbitration of the American Arbitration Association and the Federal Arbitration Act (9 U.S.C. Sec. 1 et seq.). Such arbitration shall be conducted in the English language and Buyer submits to the jurisdiction of such tribunal in such city as the exclusive forum and venue of such proceedings. Standard Terms and Conditions of Sale, ¶ 11.

Plaintiff's response is contentitious; he claims that he never agreed to, nor even saw the "Standard Terms and Conditions" agreement before this lawsuit. Thus, argues plaintiff, he could not have possibly agreed to the arbitration provision because he was never presented with it. He only received, he says, an invoice. This "Standard Terms and Conditions" provision, plaintiff concludes, is a complete stranger to any of his dealings with defendant Tread Rubber. The origin of this rogue document, opines plaintiff, is defendant's website which was not involved in any of the parties' transactions.

So, the plaintiff and Tread Rubber spar over the events and places vital to the formation of the contract between the parties. Both parties, however, agree on one significant point: the rubber that the plaintiff purchased from Tread Rubber was shipped directly to the plaintiff in Mississippi from Vipal.

According to the plaintiff, he began to experience problems with the Vipal rubber in his treading process in April of 2000. The plaintiff claims that he notified Murphy of the problems and that Vipal sent three representatives to the plaintiff's business to inspect the damaged tires on which Vipal rubber had been used. Dissatisfied with the response he received from both Tread Rubber and Vipal, plaintiff filed the instant action.

## JONES' MOTION TO STRIKE AFFIDAVITS

The plaintiff asks this court to strike the supplemental affidavit of Antonio Brito and declarations from Michael Evans and Clayton Murphy (hereinafter collectively referred to as "supplemental affidavits") submitted in support of the defendants', Vipal's and Tread Rubber's, respective motions. These affidavits which were submitted along with the defendants' rebuttal memoranda, the plaintiff says, contain factual allegations that were not made in the defendants' initial motions. As such, says plaintiff, he has not had a full and fair opportunity to investigate and rebut the same. Further, the plaintiff claims, these affidavits contain false statements, at least one of which is contradicted by documentary evidence.

The court agrees that these supplemental affidavits, to which the plaintiff did not have an opportunity to respond, prejudice the plaintiff and offends notice of fairness and justice. Accordingly, this court is persuaded that these supplemental affidavits should be stricken.

## TREAD RUBBER'S MOTION TO COMPEL ARBITRATION

In reviewing a motion to compel arbitration, this court must first determine whether the parties agreed to arbitrate the dispute. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626, 105 S.Ct. 3346, 3353–54, 87 L.Ed.2d 444 (1985); *Folse v. Richard Wolf Med. Instruments Corp.,* 56 F.3d 603, 605 (5th Cir.1995). This inquiry is guided by ordinary state law contract principles. *First*

*Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S.Ct. 1920, 1924, 131 L.Ed.2d 985 (1995). In the instant case, the parties paint vastly different pictures of the transaction that precipitated this action. Both the plaintiff and the defendant attempt to support its respective version of the facts with an affidavit.

In particular, the parties differ over whether the plaintiff actually agreed to the "Standard Terms and Conditions" provision containing the arbitration clause. The plaintiff contends that he was not presented with the "Standard Terms and Conditions" provision when he negotiated and purchased the rubber. In fact, the plaintiff contends that he had not seen the document before he instituted the instant lawsuit.

The "Standard Terms and Conditions" document, attached to the defendant's motion as a part of Exhibit A, does not contain the plaintiff's signature or initials or otherwise indicate that the plaintiff reviewed and agreed to the document. Defendant has submitted no competent evidence at this point to show that plaintiff at any time executed an agreement containing the arbitration clause at issue. Defendant's arguments in its briefs, asking the court to enforce the arbitration clause is silent as to the particulars of plaintiff's purported agreement. Furthermore, the "Standard Terms and Conditions" provision appears to have been printed off of the defendant's website.

Based upon the evidence before the court, the court cannot conclude that the plaintiff agreed to the "Standard Terms and Conditions" provision, let alone the arbitration provision contained therein. Therefore, finding no valid agreement to arbitrate, this court must deny the defendant's motion to compel arbitration. *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.,* 139 F.3d 1061, 1064–65 (5th Cir.1998) ("Arbitration is a matter of

contract between the parties, and a court cannot compel a party to arbitrate a dispute unless the court determines the parties agreed to arbitrate the dispute in question.").

## VENUE AND FORUM NONCOVENIENS

■ Both Vipal and Tread Rubber seek to have this court dismiss the plaintiff's complaint or transfer the case to the United States District Court for the Middle District of Florida on the ground of improper venue and/or *forum non conveniens.* For the following reasons, this court finds that the motions are not well-taken and are therefore denied.

Venue is governed by Title 28 U.S.C. § 1391, which provides in pertinent part:
(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

While the defendants argue that neither prong of § 1391 has been met, the plaintiff has produce evidence by way of an affidavit, which if taken as true, establishes that the second prong of § 1391 has been satisfied. That prong provides that venue is proper in the judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred." Title 28 U.S.C. § 1391. Here, the plaintiff contends that the negotiations leading to con-

tract to purchase the rubber occurred in Mississippi, that the alleged warranties and misrepresentations were made in Mississippi, that the rubber was delivered to and used in Mississippi, and that the allegedly defective rubber remains in Mississippi. These contentions, supported by credible evidence, when viewed in the light most favorable to plaintiff, persuade this court that the defendants' motions must be denied. *Frazier v. Ala. Motor Club, Inc.,* 349 F.2d 456, 460 (5th Cir.1965); *KLLM, Inc. Employee Health Protection Plan v. Ontario Community Hospital,* 947 F.Supp. 262, 271 (S.D.Miss.1996); *Republic Credit Corp. v. Rance,* 172 F.Supp.2d 1178, 1184 (S.D.Iowa 2001).

■ For much the same reasons, the defendants' *forum non conveniens* argument also fails. The doctrine of *forum non conveniens* should be invoked with care. *Karim v. Finch Shipping Co.,* 265 F.3d 258, 268 (5th Cir.2001). "This doctrine enables a court to decline to exercise its jurisdiction if the moving party establishes that the convenience of the parties and the court and the interests of justice indicate that the case should be tried in another forum." *Id.*

This court is not convinced that the Middle District of Florida is a more convenient forum than this court. As stated before and according to the plaintiff, most, if not all, of the events leading to the instant action occurred in Mississippi. Relevant documents, witnesses and the allegedly defective product are all located in Mississippi. That some witnesses may have to travel from Florida, and that some documents related to the transaction may be located in Florida are not sufficient bases for this court to invoke the relief to be afforded a party under the doctrine of *forum non conveniens.* Consequently, this court denies the defendants' respective motions to transfer venue or dismiss on the basis of *forum non conveniens.*

## VIPAL'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

To determine whether personal jurisdiction exists over a party, the court first looks to the long-arm statute of the forum state. *Guidry v. United States Tobacco Co.,* 188 F.3d 619, 624 (5th Cir.1999). Provided the dictates of the long-arm statute are satisfied, the court must then examine whether the exercise of personal jurisdiction over the party in the forum state would be consistent with the Due Process Clause of the Fourteenth Amendment. *Id.* Only if the requirements of both the long-arm statute and Due Process Clause are met can the court exercise personal jurisdiction over a non-resident defendant. *Id.* The plaintiff bears the burden of demonstrating that this court has personal jurisdiction over the non-resident defendants. *Roxco, Ltd. v. Harris Specialty Chem., Inc.,* 133 F.Supp.2d 911, 914 (S.D.Miss. 2000).

Mississippi's long-arm statute, Miss. Code Ann. § 13–3–57, provides in pertinent part:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Thus, a non-resident defendant falls within the purview of Mississippi's long-arm stat-

ute if the defendant: (1) commits a tort, any part of which occurred within the state, against a resident or nonresident of Mississippi; (2) makes a contract with a resident of this state to be performed in whole or part in the state; or (3) does business within the state.

Provided that the requirements of Mississippi's long-arm statute are satisfied, the court's exercise of personal jurisdiction over a non-resident defendant must nevertheless conform to the requirements of due process. The exercise of personal jurisdiction is consistent with due process if (1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Panda Brandywine Corp. v. Potomac Electric Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001). The defendant's minimum contacts with the forum state may be such as to establish either specific or general personal jurisdiction. Specific jurisdiction exists if the non-resident defendant has "purposefully directed its activities at the forum state and the litigation results from the alleged injuries that arise out of or relate to those activities." *Id.* at 868 (citation and internal quotation marks omitted). Minimum contacts are sufficient to support general jurisdiction if they are "continuous and systematic." *Guidry*, 188 F.3d at 624 (citation and internal quotation marks omitted).

■ In the instant case, the court concludes that the plaintiff has demonstrated that both the contract and the torts prong of the Mississippi long-arm statute have been satisfied. In particular, the contract prong has been satisfied by the plaintiff's allegations of breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular pur-

pose claims. *See Sorrells v. R & R Custom Coach Works, Inc.*, 636 So.2d 668 (Miss.1994). In *Sorrells*, which dealt with a consumer's suit against, *inter alia*, the manufacturer of an alleged defective product, the court concluded that the existence of a warranty, even if implied, might satisfy the contract prong of the long-arm statute, provided that at least part of the contract was performed in Mississippi. 636 So.2d at 672. Significantly, the court provided that the warranty contractual relationship arose at the time and the place of the purchase of the product, which in the instant case is Mississippi according to the plaintiff. *Id.* at 671–72.

So, the existence of a warranty contract arose, under the plaintiff's version of the facts in the state of Mississippi. Furthermore, as in *Sorrells*, the contract arose in Mississippi, the place at which the plaintiff's claims he purchased the rubber and to which the plaintiff had it shipped. The lynchpin in the *Sorrells* Court's determination that it lacked personal jurisdiction over the non-resident manufacturer-defendant hinged on the Court's determination that no part of the contract had been performed in Mississippi, i.e., that no "warranty work was actually performed in Mississippi pursuant to the warranty terms." *Id.* at 672. In the instant case, however, the plaintiff advances and the defendant agrees that it sent at least one representative to the plaintiff's facility in Mississippi upon learning of the problems the plaintiff had with its product. The representative(s) allegedly inspected the tires containing the purportedly defective rubber. Although it is not known exactly what work was done as a result of the inspection, drawing all reasonable inferences in the plaintiff's favor, this court concludes that at least a part of the contract, i.e., the warranty work, was performed in Mississippi. Accordingly, the plaintiff has met his burden of proof on the contract prong of the long-arm statute.

■ Although not necessary to this court's opinion, the court also concludes that the plaintiff has satisfied the tort prong of the long-arm statute. As the parties well recognize, the tort prong of the long-arm statute only applies if the nonresident defendant commits the tort, in whole or part, in the state of Mississippi. Miss.Code Ann. § 13–3–57. It is also well-established that injury is a necessary element of a tort claim. *Sorrells,* 636 So.2d at 672; *accord Thrash Aviation, Inc. v. Kelner Turbine, Inc.,* 72 F.Supp.2d 709, 714 (S.D.Miss.1999) (recognizing that injury is necessary element of tort, the occurrence of which in state of Mississippi would be sufficient to satisfy tort prong of long-arm statute). In *Sorrells,* the court held:

> "Under now well established law, Mississippi's long-arm statute contains no requirement that the part of the tort which **causes** the injury be committed in Mississippi. Since injury is necessary to complete a tort, a tort is considered to have been committed in part in Mississippi where the injury results in the state."

As a consequence of the occurrence of injury or damage to the Sorrells' motor home and other personal property within the State of Mississippi, the tort prong of the long-arm statute could have been properly utilized to assert personal jurisdiction over R & R, subject to the limitations imposed by the Due Process Clause.

636 So.2d at 672 (citation omitted and emphasis in original).

In the instant case, the plaintiff alleges that the defendant committed the tort of misrepresentation. To the extent that the plaintiff has a misrepresentation claim against the defendant, Vipal, that claim is sufficient to support this court's jurisdiction under the tort prong of the long-arm statute. Here, as in *Sorrells,* the plaintiff's injury, i.e. the malfunction of the rubber, resulting from that misrepresentation occurred in Mississippi. Inasmuch as part of the tort occurred in Mississippi, the tort prong of the long-arm statute is satisfied.

■ The court is also persuaded that the requirements of due process are satisfied in the case at bar. In other words, the court is satisfied that Vipal has both sufficient minimum contacts with the state to support personal jurisdiction and that this court's exercise of personal jurisdiction over Vipal would not offend traditional notions of fairness.

As noted earlier, a non-resident defendant's contacts with the state can support either specific or general personal jurisdiction. In the instant case, the court finds that Vipal's contacts with Mississippi are sufficient to support specific personal jurisdiction. To establish specific personal jurisdiction, the plaintiff must demonstrate that the defendant's contacts with the forum stat must be purposeful and those contacts must result in the injury giving rise to the litigation. *Panda Brandywine Corp. v. Potomac Electric Power Co.,* 253 F.3d 865, 868 (5th Cir.2001). Specific personal jurisdiction may be established when a defendant places its product into the stream of commerce with the knowledge that it will be used in the forum state. In assessing whether the plaintiff has met his burden of proof, this court is guided by *Ruston Gas Turbines, Inc. v. Donaldson Co.,* 9 F.3d 415 (5th Cir.1993). In *Ruston Gas,* the court stated, "a defendant's placing of its product into the stream of commerce with the knowledge that the product will be used in the forum state is enough to constitute minimum contacts." *Id.* at 419. In other words, the " 'mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the

forum state while in the stream of commerce.'" *Id.* (citation omitted).

Here, Vipal not only placed its allegedly defective product into the stream of commerce but it purposefully directed that product to the state of Mississippi and to the plaintiff. Moreover, Vipal has sent marketing materials to the plaintiff in the state. In addition, Vipal sent its representative(s) to the state to inspect the rubber after the plaintiff complained of its defect. Vipal manufactured its product, mailed it specifically to the plaintiff in Mississippi and then, when the plaintiff complained, made a service visit to the plaintiff in Mississippi. Under the circumstances of this case, and at this juncture, the court is persuaded that Vipal has sufficient minimum contacts to give this court specific personal jurisdiction. *See Ruston Gas,* 9 F.3d at 419–21.

For much the same reasons, the court is also persuaded that requiring Vipal to defend this lawsuit in Mississippi would not offend traditional notions of fair play and substantial justice. The factors this court must consider in assessing fair play and substantial justice are (1) the defendant's burden; (2) the forum state's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies. *Ruston Gas,* 9 F.3d at 421.

Having considered these factors, the court is convinced that the balance weighs in favor of this court's exercise of personal jurisdiction. The court recognizes that the defendant will have some expense and burden in defending an out of state lawsuit, as would any out of state defendant. Nevertheless, it would not be unreasonable to require the defendant to defend a lawsuit in Mississippi given that the defendant shipped its product here. *See Ruston Gas,* 9 F.3d at 421 ("It is not unfair or unjust to require the manufacturer of a good that is knowingly delivered to a specific state to respond to a lawsuit arising out of defects in the good that state.") The defendant's ability to send its representative(s) to Mississippi to inspect the rubber at the plaintiff's facility also leads this court to believe that the defendant would not suffer extreme hardship if required to defend this lawsuit in this state. Moreover, Mississippi, as the forum state, also has an interest in adjudicating a dispute that involves a sale of goods to a Mississippi consumer. The plaintiff, too, has a great interest in having this case adjudicated in the state in which his business is located and the state in which the harm is caused. Because this action is over a year old at this junction, the remaining factors also weigh in favor of the court's exercise of jurisdiction over Defendant Vipal. This court therefore determines that its exercise of personal jurisdiction over Defendant Vipal would not offend traditional notions of fair play and substantial justice.

Inasmuch as the both the requirements of Mississippi's long-arm statute and Due Process have been satisfied in the instant case, this court concludes that it has personal jurisdiction over Vipal. Vipal's motion to quash service of process and to dismiss for lack of personal jurisdiction must therefore be denied.

### JONES' EXPRESS WARRANTY AND MISREPRESENTATION CLAIMS [5]

■ Both Vipal and Tread Rubber move to dismiss the plaintiff's express warranty

---

**5.** There is a dispute among the parties as to whether Florida or Mississippi law applies to the instant case. Tread Rubber argues that Florida law applies because of the choice of

law provision in the "Standard Terms and Conditions". However, this court has already determined that, if the plaintiff's version of

and misrepresentation claims for failure to state a claim. The plaintiff concedes that Vipal cannot be held liable for alleged express warranties and misrepresentations made by Tread Rubber, who is not an agent of Vipal. Accordingly, Vipal's motion to dismiss plaintiff's express warranty and misrepresentation claims, which are based solely on alleged statements and alleged misrepresentations made by Tread Rubber is granted.

■ On the other hand, the court is not persuaded by defendant Tread Rubber's arguments. Accordingly, its motion to dismiss is denied. Tread Rubber argues that the plaintiff's claims are deficient because the "Standard Terms and Conditions" provision expressly disclaims all warranties. Tread Rubber further argues that the plaintiff's misrepresentation claim is identical to the warranty claims and must fail for the same reason as the warranty claims fail. Since disputed issues of fact remain as to whether the plaintiff agreed to the "Standard Terms and Conditions" provision, the court must deny the defendant's motion at this juncture.

### JONES' CLAIMS FOR EMOTIONAL DISTRESS

As a part of each of plaintiff's claims, plaintiff contends that he is entitled to damages for emotional distress. Both Vipal and Tread Rubber argue that the plaintiff cannot recover damages for emotional distress on any of his claims.

■ All of the plaintiff's claims except the misrepresentation claim remaining against Tread Rubber are contractual in nature. Even following Mississippi law, traditional principles of contract law dictate that the plaintiff cannot recover damages for emotional distress absent a finding of an independent tort separate from the contract claims. *Universal Life Ins. Co. v. Veasley,* 610 So.2d 290, 295 (Miss. 1992) ("We have traditionally held that damages for mental anguish and emotional distress cannot be considered in the absence of a finding of an independent intentional tort separate from the breach of contract.") The court is thus persuaded the plaintiff cannot recover damages for emotional distress under his contractual theories for recovery, i.e., breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. Therefore, to the extent that plaintiff's complaint seeks damages for emotional distress under contractual theories, any such request for emotional distress is stricken.[6]

Yet, the plaintiff may still recover emotional distress damages on his misrepresentation claim. In this vain, and applying Mississippi law, the court rejects the defendants' argument that the plaintiff must suffer some physical injury or impact to recover for emotional distress. Mississippi law is to the contrary. *Adams v. U.S.*

facts it to be believed, then the plaintiff did not agree to the Standard Terms and Conditions. Vipal argues that Florida law applies because Florida has the most significant relationship to the parties and the events, citing *Craig v. Columbus Compress & Warehouse Co.,* 210 So.2d 645, 649 (Miss.1968). Notwithstanding, accepting plaintiff's version of the facts as true for purposes of this motion, Mississippi, the place where most of the events took place, would have the most significant relationship to the parties and events. Thus, Mississippi's law would apply. And of

course, the plaintiff argues that Mississippi law is controlling for the very reasons this court has stated. Accordingly, the court will apply Mississippi law for purposes of these motions.

6. Of course, since the plaintiff has conceded and the court has determined that the plaintiff has not stated a misrepresentation claim against Vipal, the plaintiff cannot under any circumstances, absent an amendment to his complaint, recover emotional distress damages against Vipal.

*Homecrafters, Inc.,* 744 So.2d 736, 742 (Miss.1999).

Consequently, the plaintiff's request for emotional distress damages is stricken accept to the extent that the plaintiff seeks emotional distress damages in conjunction with his misrepresentation claim against Tread Rubber.

## CONCLUSION

For the foregoing reasons, the court hereby: (1) denies Tread Rubber's motion to compel arbitration without prejudice; (2) denies Tread Rubber's motion to dismiss or for change of venue; (3) denies Vipal's motion to dismiss or for change of venue; (4) denies Vipal's motion to quash service of process or dismiss for lack of personal jurisdiction; (5) denies Tread Rubber's motion to dismiss plaintiff's breach of express warranty and misrepresentation claims; (6) grants Vipal's motion to dismiss plaintiff's breach of express warranty and misrepresentation claims; (7) grants Vipal's motion to strike plaintiff's request for emotional damages; (8) grants in part and denies in part Tread Rubber's motion to strike plaintiff's request for emotional distress damages consistent with this court's opinion; and (9) grants the plaintiff's motion to strike supplemental affidavits and declarations.